IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| **JENNIFER ARMER** ) | |
| ) | |
| And ) | |
| ) | |
| **JASON LENZINI**, individually and on ) | |
| behalf of all others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-02476 |
| ) | |
| **SUPERIOR STAR, LLC** ) | **Jury Trial Demanded** |
| ) | |
| And ) | |
| ) | |
| **STARCORP, LLC** ) | |
| ) | |
| **Defendants.** ) | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiffs Jennifer Armer and Jason Lenzini, by and through their undersigned attorneys, and for their Class Action Complaint against Defendants, Superior Star, LLC, Starcorp, LLC states as follows:

1. Upon information and belief, at all times relevant, Defendant Superior Star, LLC ("Superior Star") is an Arizona corporation with its principal place of business at 702 E Osborn Road Suite 100, Phoenix AZ 85014.

2. Superior Star is registered in Illinois and is a franchisee of seventeen (17) Hardee's fast food restaurant locations throughout central and southern Illinois, the majority of which are located in this District.

3. Superior Star has transacted substantial and continuous business throughout central and southern Illinois, including owning and operating seventeen (17) Hardee's locations.

1

4.     Upon information and belief, at all times relevant, Defendant Starcorp, LLC ("Starcorp") is an Arizona corporation with its principal place of business at 702 E Osborn Road Suite 100, Phoenix AZ 85014.

5.     Starcorp is registered in Illinois and is a franchisee of one (1) Hardee's fast food restaurant location in Hillsboro, Illinois.

6.     Starcorp has transacted substantial and continuous business in Illinois, including owning and operating one (1) Hardee's location, and providing regional management to stores owned and operated by Superior Star.

7.     At all times relevant hereto, Plaintiff Jennifer Armer ("Armer") was and is a resident of Illinois.

8.     Armer was employed at Defendants' Centralia Hardee's location from approximately April 2024 to May 2024.

9.     During her employment, Armer regularly had time deducted from her shifts to account for breaks she was not given.  Armer also had time deducted from her shifts to prevent her hours from being counted as overtime.

10.    After complaining to management, Area Manager Laura Obertini personally arrived at the Centralia Hardee's location on May 1, 2024 and verbally berated Armer for purported uniform violations.

11.    At all times relevant hereto, Plaintiff Jason Lenzini ("Lenzini") was and is a resident of Illinois.  Lenzini is employed at Defendants' Centralia Hardee's from approximately January 2024 to the present.

12. During his employment, Lenzini regularly had time deducted from his shifts to account for breaks he was not given. Lenzini also had time deducted from his shifts to prevent his hours from being counted as overtime.

13. After complaining to management, Lenzini saw his hours on the schedule reduced.

## Jurisdiction and Venue

14. The Illinois Minimum Wage Law ("IMWL") authorizes civil actions by employees to recover underpayments in violation of its wage and hour provisions. 820 ILCS 105/12. Jurisdiction over Plaintiffs' IMWL claim is based on 28 U.S.C. §1332 (a), as the parties are diverse and the matter in controversy exceeds the sum of $75,000.

15. Venue is proper in this District because a substantial part of the events giving rise to the claim herein occurred in this District. 28 U.S.C. § 1391.

## General Allegations

16. Defendants collectively own and operate eighteen (18) Hardee's franchise stores in the state of Illinois.

17. Laura Obertini is a regional manager of stores owned and operated by Superior Star and Starcorp.

18. In this capacity, Obertini directed store-level supervisors to alter and falsify time records and pay documents on behalf of Defendants Superior Star and Starcorp, and is, therefore, individually liable for the violations at issue.

19. Obertini's directives included:

   a. Enter in unpaid breaks for employees they knew did not receive breaks.

   b. Ensure that no employee be credited for more than forty (40) hours in a week.

    c. If an employee worked over forty (40) hours in a week, to falsify time records to place those hours in a different week so that those employees would only be paid straight time pay.

20. The effect of these directives is that Defendants have willfully failed to pay the Illinois minimum wage to their employees for time employees should have earned overtime or received a proper meal period during a shift. Defendants thereby enjoy ill-gained profits at the expense of their employees.

## Class and Collective Allegations

21. Plaintiffs bring this lawsuit as a class action under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), pursuant to Fed. R. Civ. P. 23, to recover unpaid wages and overtime owed to them and all other similarly situated employees employed by Defendants at its Hardee's stores who do not opt-out of the class.

22. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practice of willfully denying their pay for worked hours and overtime under the IMWL.

23. The number and identity of other plaintiffs may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

24. Plaintiffs and all of Defendants' employees are similarly situated in that they are all subject to the same pay practices outlined above.

25. The Class is defined as all current and former employees of Defendants within the three years prior to the filing date of this action. Excluded from the class are Defendants, as well

as the officers, directors, or agents of Defendants, and the immediate family member of any such person. Also excluded is any judge who may preside over this cause.

26. The Class satisfies the numerosity standard as it consists of hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

27. Questions of fact and law common to the class predominate over any questions affecting only individual members.

28. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

   a. Whether Defendants failed to pay Class members the minimum wage required by the IMWL;

   b. Whether Defendants failed to pay Class members for hours improperly classified as meal periods under the One Day Rest in Seven Act without actually providing a meal period, and

   c. Whether Defendants failed to keep accurate records of Class members' wages in violation of Illinois law.

29. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the controversy.

30. Plaintiffs' claims are typical of those of the Class in that they have been subject to the Defendants' unlawful pay practices and suffered because of those pay practices.

31.     Plaintiffs are adequate representatives of the Class because they are members of the Class, and their interests do not conflict with the interests of the members of the Class they seek to represent.

32.     Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

33.     It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action.

34.     In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## Count I – Violations of Illinois Minimum Wage Law

35.     Plaintiffs reassert and reallege the allegations contained within paragraphs 1 through 34 set forth above.

36.     At all relevant times, Defendants have been and continue to be an "employer" within the meaning of the IMWL. 820 ILCS 105/3.

37.     At all relevant times, Defendants have employed, and continue to employ, "employees", including Plaintiffs, within the meaning of the IMWL.  820 ILCS 105/3.

38.     Pursuant to the IMWL, the Defendants were required to pay Plaintiffs and members of the Class all wages, when due, for all hours worked by employees in excess of forty

(40) hours in a single workweek at a rate not less than one and one-half (1 ½) their regular rate of pay. 820 ILCS 105/4a.

39. Defendants were required to pay Plaintiffs and members of the Class for all hours actually worked, and not deduct hours for unpaid breaks that Plaintiffs and members of the Class were not actually given.  56 Ill. Adm. Code 210.110.

40. The foregoing conduct, as alleged, constitutes willful violations of the IMWL. 820 ILCS 105/2 *et seq*.

41. As set forth above, the Plaintiff and the Class have sustained losses and lost compensation as a proximate result of Defendants' violations.

42. Accordingly, Plaintiffs on behalf of themselves and the Class, seek damages in the amount of their unpaid earned compensation, liquidated damages, plus interest at the legal rate set forth in the IMWL from the date each amount came due as provided by the IMWL.  820 ILCS 105/12, *et seq*.

43. As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under IMWL, thereby violating and continuing to violate the IMWL.

44. As described above, these unpaid wages include overtime wages owed for missed meal and rest breaks and other "off the clock" work such as time working in the store before and after shifts.  As described above, these violations were committed knowingly, willfully, and with reckless disregard of applicable law.  *Id*.

45. Plaintiffs, on behalf of themselves and the Class, seek recovery of their attorneys' fees as provided by the IMWL.  *Id.*

7

## **Prayer for Relief**

WHEREFORE, Plaintiffs and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) costs of litigation and attorneys' fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## **Demand for Jury Trial**

Plaintiffs and the Class hereby request a trial by jury of all issues triable by jury.

Respectfully Submitted,

**SCHUCHAT, COOK & WERNER**

/s/ *Luke A. Klein*
George O. Suggs (MO 31641)
Luke A. Klein (IL 6340224)
555 Washington Ave, Ste. 520
St. Louis, MO 63101
Tel: (314) 621-2626
Fax: (314) 621-2378
gos@scwattorney.com
lak@scwattorney.com

*Attorneys for Plaintiffs and the Class*